UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NOLEN BELL, | ) | Case No. 1:05CV2415 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | Magistrate Judge George J. Limbert |
| vs. | ) | |
| | ) | |
| CARL S. ANDERSON, | ) | INTERIM REPORT AND |
| | ) | RECOMMENDATION OF |
| Respondent. | ) | MAGISTRATE JUDGE |

On October 13, 2005, Nolan Bell (hereinafter "Petitioner"), filed his petition for writ of

habeas corpus in this Court pursuant to 28 U.S.C. § 2254. *See* Electronic Case Filing

(hereinafter "ECF") Dkt. #1 ("Petition"). On December 13, 2005, Carl S. Anderson (hereinafter

"Respondent")[1] filed a motion to dismiss. *See* ECF Dkt. #6 ("Motion"). Respondent's Motion

seeks the dismissal of the Petition because it allegedly does not contain a cognizable claim in

federal habeas corpus. On January 11, 2006, Petitioner objected to the Motion, arguing that his

federal constitutional rights, specifically his due process rights, were violated by the Ohio Parole

Board ("OPB"). *See* ECF Dkt. #7 ("Response"). On January 23, 2006, Respondent filed a reply

brief, and on February 3, 2006, Petitioner filed a sur-reply brief. *See* ECF Dkt. #'s 9 ("Reply"),

10 ("Sur-Reply").

---

[1]Respondent is the Warden of the Grafton Correctional Institution in Grafton, Ohio.
Respondent maintains custody of Petitioner, pursuant to a journal entry issued by the Court of
Common Pleas, Cuyahoga County, Ohio, upon Petitioner's conviction for the crime of
aggravated murder. *See* Motion, Ex. B.

## I.     FACTUAL BACKGROUND

### A.     Conviction and Direct Appeal

On December 7, 1982, Petitioner was indicted by the Cuyahoga County Grand Jury on one count of aggravated murder in violation of Ohio Revised Code § 2903.01.  *See* Motion, Ex. A.  Upon arraignment, Petitioner entered a plea of not guilty.  The case proceeded to trial by jury.  The jury returned a verdict of guilty.  The trial court sentenced Petitioner to a term of life imprisonment. *See id.*, Ex. B.

Petitioner, through counsel, filed a notice of appeal in the Ohio Court of Appeals and raised the following assignments of error:

1.     The Defendant was Denied his Right to a Speedy Trial in Violation of Revised Code Section 2945.71 and the Trial Court Erred in Denying Defendant's Motion to Dismiss Pursuant to Revised Code Section 2945.73.

2.     The Defendant was Denied his Sixth Amendment Right to Effective Assistance of Counsel.

Motion, Ex. C.  The State filed a response.  *See id.*, Ex. D.  On December 1, 1983, the Ohio Court of Appeals affirmed the judgment of the trial court.  *See id.*, Ex. E; *see also State v. Bell*, 1983 WL 2851, *1 (Ohio Ct. App. Dec. 1, 1983).  The docket sheet indicates that on June 19, 1984 Petitioner filed a delayed notice of appeal in the Supreme Court of Ohio.  *See* Motion, Exs. F, G.  However, Respondent notes that he was unable to find the decision from the Supreme Court of Ohio because its database only goes back to 1985.

### B.     Federal Habeas Corpus and Arguments of the Parties

Petitioner sets forth his claim as follows:

> On April 21, 1998, Petitioner, Nolan Bell, presented for his First Parole Board hearing.  The Board determined that Mr. Bell needed to serve an additional 6 years and seven months.  He was

removed from Offense Category 13, Risk 2 to Offense Category 12, Risk 2. The Hearing was continued until November 2004. The parole hearing was re-convened on November 30, 2004. The hearing panel reasoned that the last panel departed downward one range to Offense Category 12 and that total time to serve was set at 270 months which had bee[n] reached on November 10, 2004. The panel voted to release Mr. Bell on January 10, 2005. On January 6, 2005, Gary Croft, Chair of the Ohio Parole Board issued a "STOP RELEASE" to Grafton Correctional stating that he had "New Information" which "reflects" on Mr. Bell's release. On April 11, 2005, a meeting of the Full Board was convened [sic] at Grafton. Even though Mr. Bell had been removed to Offense Category 12, Risk 2 in 1998, the April Special Minutes of the Full Board show that the Board then, without reason, removed Mr. Bell back to Offense Category 13, Risk 2 and then proceeded to calculate his time according to the incorrect category. The Board extended his sentence until 05/01/10 reasoning that [sic] "release at this time would demean [sic] the seriousness of the offense. In April 1998, the Board in reasoning to reduce Mr. Bell to Category 12 found the fight [] started in a "bar" was dispositive in reducing [sic] categories. There was new evidence presented at the hearing as declared by Mr. Croft. Only two family members spoke. Neither of whom has personal knowledge of the fight or Mr. Bell.

Petition at 5.[2]

In this federal habeas corpus case, Petitioner challenges the OPB's decision to rescind his parole release date of January 10, 2005 and its decision at a full board hearing held on April 11, 2005 to raise his security level and to continue his next parole hearing until May 1, 2010. Petitioner asserts that during a prior parole hearing, held on November 30, 2004, the OPB informed him that his parole release date would be January 10, 2005. However, Petitioner asserts that a "Stop Release" was issued on January 6, 2005 and that on April 11, 2005, the OPB held a meeting of the full board regarding its prior decision to grant parole to the Petitioner.

---

[2]Petitioner also points out that the case *Ankron v. Hageman*, No. 01CVH-2-1563, (Franklin County Common Pleas) involves prisoner litigation relating to evidentiary requirements of parole hearings.

Petitioner acknowledges that he was represented by a public defender at the full board open hearing on April 11, 2005, but that no new information or evidence was presented regarding his conviction or incarceration that would warrant an increase in his security level.  He states that following the full board hearing, the OPB voted to raise his security level and continue considering his parole until May 1, 2010.  Petitioner alleges that he "has been placed in an incorrect category," and "[t]he Board has failed to provide reasoning for its decision or to disclose the 'new information' presumably its decision is premised on."  *Id.*

In essence, Petitioner contends that the OPB rescinded his parole release date for frivolous reasons.  Petitioner seeks habeas corpus relief for the alleged arbitrary and capricious action of the OPB to rescind Petitioner's parole release date (only days before its onset) and to increase his security level thereby continuing further parole consideration until May 1, 2010. *See* Response at 6.  Petitioner avers that his due process rights have been violated by the OPB's recession of his parole release date because the OPB provided no new information or evidence to support the recession.  Petitioner seeks a writ of habeas corpus granting his release from custody at the Grafton Correctional Institute.

Respondent takes the position that Petitioner merely quarrels with the procedures employed by the OPB to consider parole.  Because Respondent sees this case as one challenging the procedures of Ohio's parole system (with relief being a new hearing), and conversely not one seeking release from custody, Respondent requests dismissal of this action on cognition grounds. Respondent tells the Court that the appropriate avenue for challenging the procedures of Ohio's parole system is a civil rights action under 42 U.S.C. § 1983, not a habeas corpus action.

-4-

## II.    **COGNIZABLENESS**

The first and only issue the undersigned will address in this report and recommendation is whether the Petition presents a cognizable claim in federal habeas corpus.  After reviewing the arguments presented in the Petition, Motion, Response, Reply, and Sur-Reply, the undersigned finds that the claim presented in the Petition is cognizable in a federal habeas corpus proceeding.

A federal court's consideration of a petition for a writ of habeas corpus filed by a prisoner imprisoned under the judgment of a state court is governed by 28 U.S.C. § 2254(a). Because Petitioner is a state inmate in custody pursuant to the judgment of a state court, § 2254 and its restrictions apply to him.  *See Turner v. Riley,* 2006 WL 1452693, *3 (S.D. Ala. 2006) (citing *Dill v. Holt,* 371 F.3d 1301, 1303 (11th Cir. 2004) (§ 2254 applied to § 2241 petition challenging parole revocation); *Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004) (§ 2254 applied to § 2241 petition challenging parole proceedings), *cert. denied,* 543 U.S. 1063 (2005); *Medberry v. Crosby,* 351 F.3d 1049, 1062 (11th Cir. 2003) (§ 2254 applied to § 2241 petition challenging disciplinary proceeding); *White v. Lambert,* 370 F.3d 1002 (9th Cir.) (§ 2241 petition challenging out-of-state transfer treated as § 2254 petition), *cert. denied, White v. Morgan,* 543 U.S. 991 (2004); *Cook v. New York State Div. of Parole,* 321 F .3d 274 (2d Cir.2003) (§ 2241 petition challenging parole revocation would be converted to § 2254 petition); *Crouch v. Norris,* 251 F.3d 720 (8th Cir.2001) (§ 2254 applied to § 2241 petition challenging denial of parole); *Coady v. Vaugh,* 251 F.3d 480 (3d Cir.2001) (§ 2241 petition challenging denial of parole treated as § 2254 petition); *accord Felker v. Turpin,* 518 U.S. 651 (1996) ( "Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the

judgment of a State court.'") (quoting 28 U.S.C. § 2254(a))).

Therefore, section 2254 permits the state prisoner to challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  To say that a petitioner's claim is non cognizable on habeas corpus review is another way of saying that his claim "presents no federal issue at all."  *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991).

Petitioner argues that the OPB acted arbitrarily and failed to properly follow its own procedures.  It is true that to the extent that Petitioner argues a violation of state law, such a claim is not cognizable in a federal habeas corpus action, because a federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law.  *See Mayrides v. Chaudhry*, 43 Fed. Appx. 743, 746, 2002 WL 1359366, **2 (citing *Pulley v. Harris,* 465 U.S. 37, 41, (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988)).  Additionally, the undersigned acknowledges that there is no constitutional right to parole, *see Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235 (6th Cir.1991), and that a defendant's mere expectation about the parole process is "simply no ground for habeas relief."  *McAdoo v. Elo,* 365 F.3d 487, 498 (6th Cir. 2004).  Furthermore, other federal courts in Ohio have commented that since Ohio has a purely discretionary parole system, inmates have no state-created liberty interest in parole.  As such, a petitioner may not challenge the procedures used to deny parole. *See Thomas v. Morgan,* 109 F. Supp. 2d 763, 768 (N.D. Ohio 2000).

Nevertheless, to the extent that Petitioner presents a federal constitutional claim, his claim is not subject to dismissal as being non cognizable.  Substantive due process, which is applicable in the parole context, protects inmates from arbitrary denials of parole based on

impermissible criteria such as race, political beliefs or frivolous factors, even where a prisoner may not have a protected liberty interest.  *See Mayrides,* 43 Fed. Appx. at 746 (citing *Block v. Potter,* 631 F.2d 233, 236 n.2 (3d Cir.1980)).  A panel in the Sixth Circuit acknowledged this narrow form of habeas corpus relief in *Mayrides*, and several district courts in the Sixth Circuit have quoted *Mayrides* in describing this relief.  *See Conyers, infra*.  In order to demonstrate the arbitrary conduct prohibited by substantive due process, Petitioner must show that the OPB's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *See, e.g., Conyers v. Palmer,* 2006 WL 1417845, *3 (W.D. Mich. 2006) (quoting *Mayrides*).

Petitioner alleges frivolity on the part of the OPB  when it, without adequate explanation, rescinded Petitioner's parole release date only a few days before the putative release date, after initially informing Petitioner in writing that he would be granted parole.  Specifically, Petitioner contends that the OPB gave him written notice in November 2004 of a firm parole release date of January 10, 2005.  Then, on January 6, 2005, the OPB allegedly issued a written "stop release" preventing Petitioner's release on parole on January 10, 2005.  At a full board hearing on April 11, 2005, the OPB increased Petitioner's security level and continued its decision on Petitioner's parole until May 1, 2010.  Other than stating that  "release at this time would demean the seriousness of the offense[,]" the OPB allegedly did not provide any justification or reasoning for reversing itself on Petitioner's original parole date of January 10, 2005.

Plaintiff also plainly asserts that the OPB did not follow its own procedural rules when it denied him parole and raised his security level without providing "new information," new evidence, or reasoning.  No where in the Petition, contrary to Respondent's contention, does Petitioner challenge the procedures of Ohio's parole system; thus, this action is not subject to

-7-

dismissal on grounds of cognition.  Contrarily, Plaintiff seeks release from prison due to Respondent's alleged violation of his due process rights.  Plaintiff's allegations, taken altogether, assert an arbitrary recession of his parole release date by the OPB based on frivolous factors.  Consequently, at this point in the case, the undersigned finds that Petitioner has done enough by asserting a constitutional claim sounding in due process that is plainly cognizable in a federal habeas corpus proceeding.

The undersigned also notes that he cannot conclude at the pleading stage of this case that Petitioner's due process claim is futile due to lack of merit.  While the Petitioner faces a difficult challenge in attempting to establish that the OPB's recession of his parole release date violated due process, he is entitled to try.  *See, e.g., Caswell v. Calderon*, 363 F.3d 832, 839 (9th Cir. 2004) (finding that petitioner's argument that a panel rescinding his parole release date did not base its decision on any evidence raises questions of fact that require examination of both the granting panel's and rescinding panel's decisions).  While there is a dearth of reported cases finding due process violations by parole authorities, some exist, including *Thompson v. Armontrout,* 808 F.2d 28, 33 (8th Cir. 1986), where the Eighth Circuit concluded that a district court was not clearly erroneous in granting a writ because evidence supported the finding that a parole board vindictively denied parole to a habeas corpus petitioner.

Overall, Petitioner has set forth a cognizable due process claim.  Therefore, the undersigned will not recommend the dismissal of the due process claim on its merits at the pleading stage without more factual development concerning the reasoning behind the OPB's decision to rescind Petitioner's parole release date of January 10, 2005 and to increase his security level.

**III.**    **CONCLUSION**

The due process claim raised in the instant Petition is cognizable in a federal habeas corpus proceeding; therefore, the Undersigned recommends that the Respondent's Motion to Dismiss be Denied.


Date:  July 13, 2006                              */s/ George J. Limbert*
                                                 George J. Limbert
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).